UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>    v.<br><br>JAMES WONG,<br><br>               Defendant. | CASE NO. C24-1577JLR<br><br>ORDER |

Before the court is the parties' stipulated motion for a 90-day continuance of their May 11, 2026 bench trial date and all related deadlines. (Stip. (Dkt. # 17).) The parties argue there is good cause to grant their motion because, in light of failed mediation on October 29, 2025, and the fact that Plaintiff has now filed an additional claim against Defendant, they need additional time to complete discovery and motion practice. (*Id.* at 2.)

//

ORDER - 1

1    The current scheduling order sets the expert witness disclosure deadline on
2 October 28, 2025; the discovery deadline on December 29, 2025; the dispositive motions
3 deadline on January 26, 2026; and the bench trial on May 11, 2026.  (3/6/25 Order (Dkt.
4 # 10).)  The scheduling order also provides that the case schedule may be modified "only
5 upon good cause shown."  (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may
6 be modified only for good cause and with the judge's consent.").  "Good cause" focuses
7 on the diligence of the party seeking to modify the scheduling order.  *Johnson v.*
8 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Thus, the party must
9 demonstrate that it could not meet the deadline imposed by the scheduling order despite
10 its diligence.  *Id.*  Failure to complete discovery and motion practice within the time
11 allowed, however, is not recognized as good cause.  (3/6/25 Order at 2.)  Even if the
12 parties had shown good cause, the court's trial calendar cannot accommodate a 90-day
13 continuance in the second half of 2026.  Therefore, the court DENIES the parties'
14 stipulated motion for a 90-day continuance of the trial date and related deadlines (Dkt.
15 # 17).
16 //
17 //
18 //
19 //
20 //
21 //
22 //

1  The court is willing, however, to consider moving the parties' trial date to the end
2 of its trial calendar.  The parties should be aware that the court is currently scheduling
3 trials in spring 2027.  If the court moves this matter to the end of its trial calendar, it will
4 issue a new scheduling order that resets all unexpired pretrial deadlines.  If the parties
5 wish to seek this relief, they should file a stipulated motion to that effect.

6

7  Dated this 21st day of November, 2025.

8

9  JAMES L. ROBART
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3