UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WONG, and his marital community,<br><br>Defendant. | Hon. James L. Robart<br><br>CASE NO. 2:24-cv-01577-JLR<br><br>SECOND STIPULATED MOTION TO CONTINUE TRIAL DATE AND ORDER<br><br>NOTED FOR: December 4, 2025 |

    The parties by and through their respective counsel, jointly move the Court for an Order to Continue Trial Date and all associated case deadlines according to the continued trial date. Upon the Court's invitation (Dkt. No. 18), the parties file this Stipulated Motion, stipulating to continue the trial date to the end of the Court's current trial calendar (currently spring 2027) and to move all related, unexpired deadlines and deadlines pertaining to discovery (i.e. Disclosure of expert testimony and all motions related to discovery). Good cause exists for such continuance, as addressed below.

    The parties recently stipulated to Plaintiff's Amended Complaint. In addition, Counsel for Defendant will be unavailable for a month due to scheduled surgery in February of 2026.

    This was a case for declaratory judgment but the Amended Complaint added a claim for breach of contract. While this matter has been pending, additional factual circumstances have arisen, thus the Amended Complaint adding in the breach of contract claim. Specifically, this action involves an indemnity agreement, which is related to claims pending in the related action

*Walsh Construction Company II, LLC v. Pine Esker, LLC*, et al., U.S. Bankruptcy Court for the Western District of Washington, Case No. 24-10088-CMA, Adv. Proc. No. 24-01010-CMA (the "Adversary Proceeding"). The actions in the Adversary Proceeding have affected the claims in this case and have necessitated additional claims and discovery here.

To date, the parties have been diligently working on this action including meetings to address the claims between them and the underlying issues in the Adversary Proceeding. The related Adversary Proceeding took longer to schedule the mediation than anticipated, which delayed amending the complaint in this case. The parties also have diligently engaged in discovery. Defendant has propounded written discovery onto Plaintiff and the parties are working cooperatively on written discovery and depositions. Despite the parties' diligence to date, given the added claim and the parties' schedules, the parties agree they need additional time to fully address the new claim including additional discovery and to fully prepare their claims and defenses in this matter. Defendant's counsel will also need additional time to determine if an expert will be necessary based on Plaintiff's responses to Defendant's discovery requests.

The parties' first request for a 90-day trial continuance was denied on November 21, 2025, but the Court stated its willingness to consider moving the parties' trial date to the end of the trial calendar, in Spring 2027 along with a new scheduling order resetting all unexpired pretrial deadlines and inviting the parties to file a stipulated motion if they agreed to such continuance.. Dkt. No. 18. The parties have agreed to move the trial date to the end of its trial calendar (i.e. spring of 2027) for this stipulated motion.

Due to the above reasons, the parties' diligence, the availability of the parties, counsel, and court's trial calendar, counsels stipulate that the Trial Date and case scheduling dates in this matter may be continued from May 11, 2026, to spring of 2027 or the end of the court's trial calendar, and a new Order Setting Trial Dates be issued.

Under Fed. R. Civ. P. 16, the case schedule may be extended where good cause exists and the delay is not caused by carelessness or less than reasonably diligent action. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). "A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, the scheduled deadlines cannot be met." *Henderson v. ABW Techs., Inc.,* 2009 U.S. Dist. LEXIS 9299, at *2 (W.D. Wash. Jan. 29, 2009) (citing *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002)).

Good cause exists here to continue the trial date and all pretrial deadlines, for all of the foregoing reasons including the parties' diligence in this case and the unique circumstances of this case largely depending on the facts and issues in the Adversary Proceeding. To date, the parties have worked diligently and cooperatively in moving this case forward. Despite their diligence, current deadlines related to discovery (i.e. Expert Witness Disclosure deadline on 10/28/2025, discovery motions due by 12/9/25, Expert Witness Disclosure Reports due by 1/9/26, and discovery completed by 1/23/26) cannot be met by Defendant with Plaintiff's newly added claim even while diligently propounding discovery, reviewing documents produced from discovery, taking depositions, and determining if experts are necessary. Good cause exists here as the parties are working diligently to meet the case schedule deadlines but are still unable to do so. The parties are seeking to continue the trial date and all associated case deadlines to the end of the court's trial calendar. The parties respectfully request that the Court issue an Amended Minute Order Setting Trial Date and Related Dates reflecting the new trial date and pretrial deadlines, setting trial for the end of its current trial calendar (spring 2027 or later).

DATED this <u>4th</u> day of December 2025.

**RYAN, SWANSON & CLEVELAND, PLLC**

By: <u>/s/Britenae Pierce</u>
Britenae Pierce, WSBA No. 34032
401 Union Street, Suite 1500
Seattle, WA  98101
(206) 464-4224
pierce@ryanlaw.com
*Attorneys for Plaintiff*

**HOLMQUIST + GARDINER PLLC**

By: <u>/s/Michelle F. So</u>
Michelle F. So, WSBA No. 46817
Hamilton H. Gardiner, WSBA No. 37827
1000 Second Avenue, Suite 1770
Seattle, WA 98104
(206) 438-9083
michelle@lawhg.net
hamilton@lawhg.net
*Attorneys for Defendant*

## II. ORDER

THIS MATTER having come on regularly for hearing upon the stipulation of the parties above contained;

IT IS HEREBY ORDERED that the Trial Date of this case, now set for May 11, 2026, is continued and rescheduled to the end of the Court's trial calendar, and that the Court shall issue a revised Minute Order Setting Trial Date and Related Dates reflecting the new trial date.

DATED this __4th__ day of December 2025.

_____
HONORABLE JUDGE JAMES L. ROBART

Stipulated to by:

**RYAN, SWANSON & CLEVELAND, PLLC**

/s/Britenae Pierce
Britenae Pierce, WSBA No. 34032
401 Union Street, Suite 1500
Seattle, WA 98101
(206) 464-4224
pierce@ryanlaw.com
*Attorneys for Plaintiff*

**HOLMQUIST + GARDINER PLLC**

/s/Michelle F. So
Michelle F. So, WSBA No. 46817
1000 Second Avenue,
Suite 1770 Seattle, WA 98104
(206) 438-9083
michelle@lawhg.net
*Attorneys for Defendant*